Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1715 | **DATE** | 11/16/2000 |
| **CASE TITLE** | RONALD B. LESCH vs. CROWN CORK & SEAL CO. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at_____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The motion for summary judgment [13-1] is granted. Judgment is entered for defendant Crown Cork & Seal Co. and against plaintiff, Ronald B. Lesch. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 27 2000 date docketed | |
| | Notified counsel by telephone. | | | 19 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | FILED FOR DOCKETING | 11/16/2000 | |
| | Copy to judge/magistrate judge. | 00 NOV 22 PM 2:33 | date mailed notice | |
| sb | courtroom deputy's initials | | jad | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD B. LESCH, | ) |
| | ) |
| Plaintiff, | ) No. 00 C 1715 |
| | ) |
| v. | ) Suzanne B. Conlon, Judge |
| | ) |
| CROWN CORK & SEAL CO., | ) |
| | ) |
| Defendant. | ) |

NOV 27 2000

## MEMORANDUM OPINION AND ORDER

Robert Lesch ("Lesch") sues Crown Cork & Seal Co. ("Crown") under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634. Lesch claims Crown discharged him for no reason other than to replace him with a younger person. Crown moves for summary judgment pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1.

## BACKGROUND

Crown manufactures cans and containers while researching and developing new manufacturing technologies, processes, and sites, both domestically and overseas. Lesch Affidavit ("Lesch Aff.") ¶¶ 5-11, 14-15. Crown routinely monitors the potential financial costs of development. *Id.* ¶¶ 9-17.

Lesch began working for Continental Can Company ("Continental") in 1953. *Id.* ¶ 3. Crown acquired Continental in 1990. *Id.* ¶ 6. Crown changed the name of the company's research and development department to Corporate Technologies Group ("CIT"). From 1979 to 1998, Lesch served as accounting group manager for the company's international manufacturing services ("CIMS"). *Id.* ¶ 13. All employees in the accounting group reported to Lesch. *Id.* ¶ 16. Crown put

CIMS in charge of the accounting for CIT in 1997. Lesch Aff. ¶ 20. Lesch, as manager of the accounting department, oversaw CIT and CIMS accounting duties. *Id.* ¶ 22.

When CIMS took over the accounting work for CIT, Siegfried Genutis ("Genutis") was assigned to the accounting group and acted under Lesch's supervision. *Id.* ¶¶ 23-24. Genutis was primarily responsible for CIT accounting services. *Id.* ¶ 23. Genutis, who did not have an accounting background, received on-the-job-training. *Id.* ¶ 25. Douglass Pittman ("Pittman"), a staff accountant who handled CIMS accounting work, was Genutis' primary trainer and acted under Lesch's direction. *Id.* ¶ 23.

Crown gradually eliminated CIMS during 1997 and 1998. Lesch's 56.1(b)(3) Response to Crown's 56.1(a)(3) Statement of Facts ("Lesch 56.1(b)") ¶ 21. Lesch's position at Crown was terminated on September 30, 1998. *Id.* ¶ 22. He was given the choice of early retirement or involuntary termination. Lesch 56.1(b) ¶¶ 23, 25. He was 62 years old at the time. Lesch Dep. at 5. Genutis and Pittman remained at the company after the elimination of CIMS. Genutis was almost 51 years old and Pittman was approximately 53 years old at the time of Lesch's termination. Genutis Dep. at 5, 53. Lesch had worked at the company 39 years longer than Genutis and 10 years longer than Pittman. Lesch Aff. ¶ 38.

Crown contends the elimination of CIMS was the sole reason for Lesch's termination. Lesch claims he was discharged because Crown wanted to replace him with someone younger. Lesch Aff. ¶ 36; Complaint ¶ 10. He argues Crown eliminated his job title but not his job responsibilities and these responsibilities are now performed by Genutis. Lesch Aff. ¶ 45.

# DISCUSSION

## I.     Summary judgment standard

Summary judgment is appropriate when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *King v. National Human Resource Committee, Inc.*, 218 F.3d 719, 723 (7th Cir. 2000). Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56 (e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The summary judgment standard is applied with special scrutiny to ADEA cases because the outcome often depends on determinations of credibility and intent. *See Michas v. Health Cost Controls of Illinois*, 209 F.3d 687, 692 (7th Cir. 2000).

## II     ADEA Analysis

The ADEA makes it "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). When a plaintiff alleges age discrimination, "liability depends on whether the protected trait (under the

ADEA, age) actually motivated the employer's decision." *Reeves v. Sanderson Plumbing Products, Inc.*, 120 S.Ct. 2097, 2105 (2000) (citations omitted).

A plaintiff may prove intentional age discrimination through either direct or indirect evidence. *Michas*, 209 F.3d at 692. Lesch offers no direct evidence that age was a determining factor in Crown's termination decision. Lesch relies solely on circumstantial evidence to establish Crown's discriminatory intent. When a plaintiff attempts to establish discrimination with indirect evidence, courts have established a framework for allocating the burden of production between the parties and an order for the parties' presentation of proof. *Id.* The plaintiff must first make out a prima facie case of discrimination. *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Once a prima facie case has been established, the defendant must offer a legitimate non-discriminatory reason for the employment decision. *Id.* If the defendant can offer a non-discriminatory reason, the burden then shifts back to the plaintiff to prove the defendant's reason is merely a pretext for discrimination. *Id.* at 693.

### III  Lesch's Prima Facie Case

To make out a prima facie case of discrimination, plaintiffs typically must present evidence to show (1) they are a member of a protected class; (2) they met their employer's job expectations to a reasonable extent; (3) they were the victims of an adverse employment action; and (4) their position remained open or was filled by someone who is not a member of the protected class. *Id.* The fourth prong has been modified slightly for cases where the employer claims the plaintiff's position was terminated due to a reduction in force ("RIF"). "A RIF occurs when an employer permanently eliminates certain positions from its workforce." *Id.* In cases involving a RIF, the fourth prong requires the plaintiff to present evidence to show substantially younger employees in positions similar

to the plaintiff's position were treated more favorably. *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617 (7th Cir. 2000). The more favorable treatment claim can be based on the transfer of younger employees as a result of the RIF while the plaintiff was terminated. *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617 (7th Cir. 2000).

If plaintiffs offer evidence to show their job responsibilities were absorbed by other employees during the RIF rather than simply eliminated, the traditional McDonnell Douglas framework applies and the fourth prong is satisfied if their replacement was a member of the protected class. *Paluck v. Gooding Rubber* Co., 221 F.3d 1003, 1012 (7th Cir. 2000) (the determining factor in choosing between RIF and traditional McDonnell Douglas analysis is not the number of employees terminated but whether the employer still needs plaintiff's job responsibilities performed); *See also Michas*, 209 F.3d at 693-94 (same).

The parties dispute whether Lesch's job responsibilities were terminated or absorbed by Genutis when Crown eliminated CIMS. This court need not determine whether Lesch has presented sufficient evidence for a reasonable jury to find that his job responsibilities were absorbed by Genutis.[1] Lesch fails to make a prima facie case of age discrimination because he does not satisfy the fourth prong under either standard.[2]

---

[1] It should be noted, however, that Lesch only introduced his own affidavit as evidence Genutis currently performs Lesch's former job responsibilities. Lesch offers no basis for his knowledge of Genutis' job responsibilities after CIMS was eliminated. Genutis testified in his deposition that his job responsibilities did not change after CIMS was eliminated. Genutis Dep. at 33. Crown's corporate manager Fred Leh gave a sworn statement that no one was hired or transferred to perform the work previously performed by Lesch. Crown 56.1(a) Statement of Facts ("Crown 56.1(a)"), Ex. C ¶ 11. According to Genutis, neither he nor any other Crown employees assumed Lesch's job responsibilities. *Id.* Ex. D ¶¶ 7-8.

[2] Crown concedes that Lesch has satisfied the first three prongs.

5

Under the traditional McDonnell Douglas analysis, plaintiffs alleging age discrimination satisfy the fourth prong by showing employees who are not members of the protected class (*i.e.*, 40 years old or younger) replaced them. *Michas*, 209 F.3d at 693. Lesch claims Genutis replaced him. Lesch Aff. ¶ 45. At the time of Lesch's termination Genutis was 51 years old, and therefore was also a member of the class protected by the ADEA. Assuming *arguendo* there was sufficient evidence to support Lesch's claim that his job responsibilities were absorbed by Genutis, he could not make a prima facie case of age discrimination under the corresponding standard.

Viewing Lesch's evidence as if this were a standard RIF-failure to transfer case, Lesch would still be unable to satisfy the fourth prong of his prima facie case.[3] Lesch claims he was treated less favorably than Pittman and Genutis because they remained employed by the company after the RIF while he was terminated. Lesch Aff. ¶ 39; Lesch Resp. at 10-11.

Lesch's claim in regard to Pittman must fail because Pittman is not substantially younger than Lesch. In order to be considered substantially younger, Pittman would have to be ten years younger than Lesch. *Radue*, 219 F.3d at 619; *Hoffman v. Primedia Special Interest Publications*, 217 F.3d 522, 524 (7th Cir. 2000). Pittman is only nine years younger than Lesch. Although nine years might be considered close enough to satisfy the requirement in some cases, it is not close enough in this case. "Where a plaintiff just misses the 10-year mark, he can still present a triable claim if he directs the court to evidence that his employer considered age to be a significant factor." *Id.* Lesch has not presented any direct evidence that anyone at Crown considered his age to be a significant factor in the termination decision. Therefore, this court may not make an exception to the ten-year requirement.

---

[3]Both parties use the RIF standard in their briefs, even though Lesch contends his job responsibilities were absorbed rather than eliminated.

Lesch cannot establish either Pittman or Genutis were in positions similar to his position. "A plaintiff must show that he is similarly situated with respect to performance, qualifications, and conduct." *Radue,* 219 F.3d at 617. Even if Lesch demonstrated some similarity to Pittman and Genutis in terms of job responsibilities, the distinctions are substantial enough so no reasonable jury could find the similarly situated requirement was satisfied. *See id.* (finding summary judgment in favor of defendant appropriate when there are some similarities but also substantial distinctions between the employees).

Lesch presented no evidence beyond his own affidavit to show that his job responsibilities were similar to Genutis' or Pittman's responsibilities. Furthermore, he offers no evidence he possessed job qualifications similar to those of Genutis or Pittman. In fact, it appears he was more qualified than Pittman since Pittman was a grade 13 while Lesch was a grade 15. Lesch 56.1(b), Ex. E.

Although Genutis was also a grade 15, this is not sufficient to establish that Lesch and Genutis were equally qualified to carry out the same responsibilities or that they performed the same tasks. *Id.* Genutis described his job responsibilities during his deposition; these responsibilities were different than the ones Lesch attributed to himself.[4] Genutis essentially acted as a financial liaison and performed accounting for CIT. Lesch served as manager of CIT and CIMS, and his actual accounting work was mostly limited to special international projects. Lesch Aff. ¶¶ 9, 13, 17, 32; Genutis Dep. at 20-21, 23, 26-29.

There was a substantial distinction between Genutis and Lesch in regard to computer experience. Lesch admitted he (1) has never taken any computer classes; (2) could not remember the

---

[4]In the context of summary judgment, the court must review the record "taken as a whole." *Reeves,* 120 S.Ct. at 2110.

name of the computer system CIMS used; (3) has never used the computer on the job; and (4) did not consider himself to be proficient in computers. Lesch Dep. at 49-51. Genutis, on the other hand, testified all of the work he performed was computerized. Genutis Dep. at 23. He expressed knowledge about all the computer programs and software used by Crown. *Id.* at 30. He also testified that CIT, the area in which he worked, relied heavily on personal computers in carrying out its tasks. *Id.* at 49. Furthermore, Genutis was proficient enough in computer usage to offer Lesch training and in fact trained Lesch several times. *Id.* at 42-43. A reasonable jury could not find Lesch and Genutis possessed similar computer experience. This distinction is especially important considering Genutis' job increasingly demanded computer proficiency. Lesch 56.1(b), Ex. D at 2. Based on these substantial distinctions, no reasonable jury could find Lesch was similarly situated with either Pittman or Genutis.[5]

## IV    Crown's Burden of Production

The burden of production does not shift to Crown because a reasonable jury could not find Lesch has established a *prima facie* case of age discrimination. But even if the burden of production had shifted, Crown offers a legitimate non-discriminatory reason for terminating Lesch's position. Crown's reason was a RIF caused by the company's change in international business operations.

---

[5] Although this court addressed the merits of Lesch's claims, they are not cognizable to the extent they are based on Crown's failure to transfer Lesch to other positions. Lesch simply alleges in his complaint and his charge of discrimination presented to the EEOC that he was fired because of his age. Cmplt. ¶¶ 10-11; Crown 56.1(a) Ex. B. He did not claim he was denied consideration for other positions because of his age. "Although this court reads charges of discrimination liberally . . . the court has also required that charges filed with the EEOC include both discriminatory termination and failure-to-rehire claims." *Ritter v. Hill 'N Dale Farm, Inc.*, No. 99-3132, 2000 WL 1677392, at *5 (7th Cir. Nov. 9, 2000) (citations omitted).

Crown 56.1(b) ¶ 28. A RIF is a legitimate reason for terminating an employee's position. *Paluck*, 221 F.3d at 1012.

## V    Pretext

Even if Lesch would have offered sufficient evidence for a *prima facie* case, he would not prevail on his age discrimination claim. After a defendant offers a legitimate non-discriminatory reason for termination, the plaintiff must be given the "opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Reeves v. Sanderson Plumbing Products*, 120 S.Ct at 2106 (citations omitted). Pretext can be inferred if the plaintiff shows the employer's asserted reason for termination is false. *Id.* at 2109. "Once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decision." *Id.* at 2108-09.

It will not always be the case that a trier of fact can reasonably find pretext solely from evidence that the employer's asserted justification is false. *Id.* at 2109. It would be unreasonable to find pretext based on an employer's false justification when (1) the record clearly shows the employer had some other nondiscriminatory reason for the adverse employment action or (2) the plaintiff only created a weak issue of fact as to whether the employer's justification was untrue and the defendant had offered strong evidence that no discrimination had occurred. *Id.*

In cases of a RIF, a plaintiff may show pretext with evidence that the RIF was just an excuse to get rid of plaintiffs over the age of 40. *Paluck*, 221 F.3d at 1012. "Even if there was a legitimate RIF, a plaintiff may show pretext by establishing that the specific reasons given for including him in the reduction were pretextual." *Id.* at 1013. Lesch does not dispute there was a legitimate RIF due

9

to elimination of the CIMS group. Instead he suggests the reasons for not transferring him during the RIF were pretextual. He introduces evidence to show Crown management lied when it stated it hired Pittman for a new position based on seniority and Genutis based on qualifications. Lesch states seniority was not the real reason for transferring Pittman because he worked at Crown longer than Pittman. Lesch Resp. at 11. Lesch's claims are based on a misunderstanding of Crown's reasoning. Crown filled some lower-level positions, including Pittman's position, based on seniority. Lesch 56.1(b), Ex D at 1. There is no evidence Crown management ever claimed it filled all positions based on seniority or that it considered Lesch qualified for the position that Pittman assumed.

Lesch also claims qualification was not the real reason Genutis was transferred because Lesch was at least as qualified. Lesch Aff. ¶¶ 41-42. Lesch's only evidence to establish he was as qualified as Genutis was his own affidavit. But Crown has a right to exercise its own business judgment in determining who is best qualified for a job. Similarly, it has the right to determine Lesch was overly-qualified for the position to which Pittman was transferred. This court may not "sit as a super personnel department to review an employer's business decision." *Ritter,* 2000 WL 1677392, at * 5. Refusing to give new responsibilities to an employee subject to a RIF is not evidence of pretext. *Id.*

Lesch has not presented evidence to show Crown lied about the reasons Lesch lost his job. More specifically, he has not presented evidence that he lost his job because of his age rather than the RIF.

## **CONCLUSION**

The motion for summary judgment is granted.

                    ENTER:

                    *Suzanne B. Conlon*
November 16, 2000        Suzanne B. Conlon
                    United States District Judge